Supreme Court, New York Special Term, Reported. N. Y. L. J.,
June 20, 1897.

In the matter of the application of HENRY H. LYMAN to revoke the liquor-tax certificate of the YOUNG MEN'S COSMOPOLITAN CLUB of New York.

BEEKMAN, J.: This is an application under subdivision 2 of section 28 of chapter 112 of the Laws of 1896, as amended by chapter 312 of the Laws of 1897, known as the Liquor Tax Law, under which it is sought to obtain an order revoking and cancelling the liquor tax certificate which is held by the respondent for certain violations of the statute which are set forth in the moving papers. The proceeding is a summary one to be instituted before a Justice or a Special Term of the Supreme Court, and if the charges made are well founded an order must be made by the justice or court revoking and cancelling the certificate and all right on the part of the holder of the same to either traffic in liquors or to the return of any portion of the tax paid thereon comes to an end. It is claimed by the respondent that this involves a forfeiture of property, and that as no provision is made for the trial of the questions raised before a jury, its constitutional rights are in that regard invaded and the act in so far as it sanctions the proceeding in question is unconstitutional.

The argument in support of this proposition is largely based upon a recent decision of the Court of Appeals (Colon v. Lisk, decided June 8th, 1897). The case relied upon, however, is plainly distinguishable from the one under consideration. There a statute was held to be unconstitutional which provided that any interference by any person with oysters which had been lawfully planted or cultivated in waters of the State by another would not only be a misdemeanor, but that any boat or vessel used in violation of the act might be summarily seized without process or other authority, and that upon six days' notice to the person in possession and to the owner, if known, a justice of the peace should proceed to take evidence whether the vessel was used in, violation of the statute, and if he should so determine, requiring him to order the same to be sold and the avails paid to the Commissioner of Fisheries, Game and Forest. The decision of

the court was placed upon the ground that the statute was in contravention of the constitutional provision which insures a trial by jury in such a case, and also that the Legislature has no constitutional right to enact a statute forfeiting to the State the property of one person upon the sole ground that he had in some manner interfered with the private rights of another; that the statute there under consideration did not come within the police power of the State, inasmuch as it related neither to the health, morals, safety or welfare of the public, but only to the private interests of a particular class of individuals.

The Liquor Tax Law is entitled "An Act in relation to the traffic in liquors and for the taxation and regulation of the same, and to provide for local option, constituting chapter 29 of the general laws." The power of the Legislature to pass such an act, even to the extent of prohibiting any such traffic, is now too well settled to admit of any doubt, and finds its sanction in the police power of the State. The certificate, which is the equivalent of a license to traffic in liquors, is property only in so far as such an attribute may be conferred upon it by the terms of the act itself. Section 27 of the act provides that it may be sold and transferred to any person not forbidden to traffic in liquors, upon the making and filing of a new application and bond by such purchaser and the presentation of the certificate to the officer who issued the same, who shall thereupon give his consent to the transfer; but this is coupled with the proviso that no such transfer shall be permitted by any holder of a certificate who shall have been convicted, or be under indictment, or against whom a complaint under oath shall have been made and be pending, for violating the provisions of the act, or who shall have violated any provision of the Liquor Tax Law. By section 25, provision is made by which a liquor tax certificate may be surrendered and a proportionate rebate of the tax returned, but this right is also conditioned upon a previous compliance with the law by the holder. The same section also provides that a receiver, assignee, committee or executor or administrator, of a corporation, association or individual to whom such a certificate may have been issued, may continue to carry on the business thus licensed for the balance of the term for which the tax was paid and the certificate given, subject to the same restrictions and liabilities, as if they had been the original applicants for and owners of such certificate.

To the extent stated, the certificate may be regarded as property, but it is property hedged about with conditions and limitations, and is held by the person to whom it was issued subject to and qualified by every one of the conditions referred to. It was accepted by him under an implied agreement that it should terminate in the manner which the statute prescribes if he should be guilty of any of the acts for which it might be cancelled. Whatever rights the certificate conferred are measured by the entire statute, and constitute the residuum after every restriction and condition imposed has been taken into account. A person receiving such a certificate must accept the burden with the benefit; and the right subject to the burden measures the extent of what he may claim to be his right of property. The so-called forfeiture therefore, does not curtail a right of property, but is the mere operation of a condition, which in a contractual sense qualified the original grant.

In the case of Colon v. Lisk, the ownership of the oyster boat was absolute and unqualified, and its forfeiture was in no sense whatever associated with the terms upon which the property in it was held. The provisions in the Liquor Tax Law which are here brought into question are undoubted police regulations deemed necessary for the protection of the public interests, and therefore within the competency of the Legislature to enact. The revocation of the license following a violation of the law is a reasonable and necessary exercise of power for the proper regulation of the traffic and for the promotion of the public welfare. The Legislature could not have provided for it without process of law, as that phrase is commonly understood, so that the proceeding which is required to be taken is rather a concession to the principle of fairness than a necessary compliance with the constitutional mandate.

Without further discussion, I am quite satisfied that the provision of the law which is attacked is constitutional, and that the court has power to entertain this proceeding. In accordance with the understanding upon the argument, the respondent, may, if it be so advised, interpose an answer to the petition. If this is done at the time the order herein is presented for settlement, a reference will be directed under the statute to take proof of the facts and to report the same to the court, on or before a date which will be prescribed, when the hearing will be had at Special Term upon the merits.